ELIZABETH A. DENIKE and CHARLES W. DENIKE, Respondents, v. CHARLES J. HARRIS and ROBERT C. REEVES, Executors, &c., of ABRAHAM DENIKE, Deceased, Appellants.

*Will—construction of a clause in—when the court will compel executors to take security for a loan, made in pursuance of a direction contained in the will.*

A testator, who, at the time of his death, was a special partner of a firm of which one Reeves, one of his executors, was the general partner, left a will by which he directed his executors "to allow my friend, Robert C. Reeves, to retain, as a loan to him out of my personal estate, the sum of $15,000, being the amount now invested by me in the business carried on and conducted by him, and in which I am a special partner, to be used and employed by him in carrying on and conducting the said business, and to be continued from year to year, at the option of the said Robert C. Reeves, but not to exceed the term of three years, upon his paying the interest thereon annually at the rate of five per cent. per annum. Such income, when received by my said executors, to be from time to time paid over to my residuary legatees, and at the expiration of said term, or sooner determination thereof, at his option as aforesaid, I direct my said executors to receive from the said Robert C. Reeves the said sum of money and interest, and to discharge him fully from all further liability on account or by reason of such indebtedness, and upon such payment being made to my said executors, the said sum of $15,000 is to become a part of my residuary estate, and to be distributed according to the provisions of this, my will, with respect thereto."

*Held,* that this clause did not operate to give to Reeves an option to purchase the interest of the testator in the partnership at $15,000, with a credit of three years for the payment of the purchase-price, but amounted to a loan of that sum to him for three years at the interest specified, and that the court had power, upon the application of the residuary legatees, to require security to be given by him for the repayment thereof to the executors.

Appeal from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court, without a jury.

This action was brought to compel the executors of the last will

and testament of Abraham Denike, deceased, to require security for a loan directed to be made in the said will by them. The complaint alleged, among other things, the making of the will of the said deceased, its admission to probate, and the appointment of the said executors; and set out in full the clauses of the will under consideration as to the loan to Reeves, with whom deceased was a special partner; and that the business of the said Reeves was one of risk.

That the balance-sheet on January 1, 1879, made by Reeves, showed the testator's interest to be $17,908, and that the same interest of the testator was in the inventory appraised at $14,000. That the said executors propose and intend to loan the said sum of $15,000 mentioned in the said will to the said Reeves, without taking security therefor for its faithful return at the end of three years; and if so made to the said Reeves, he proposes to use the said sum in business; and if loaned and used in business it will be at great risk, and in a short time be lost, wasted, destroyed or otherwise impaired. That the executors have little or no property. That the plaintiffs demanded of the said executors to take security, but they refused.

The judgment directed:

"*First.* That the said defendants, as executors, shall require and obtain from said Robert C. Reeves sufficient and proper security for the safe payment and return of the fund in the hands of said Reeves belonging to said deceased, or which his said estate is entitled to for the interest of said deceased in said special partnership, for the safe return of said fund to the executors of said estate at the end or termination of the three years mentioned in the clause of said will in reference thereto; and in case the said Reeves shall fail to give such security, then that said executors immediately collect and receive into their hands and possession the amount due said estate from said Robert C. Reeves and the executors thereof, for the interest of said decedent in such special partnership, and that the money resulting from such collection be by the executors invested, so that the same may be preserved for the benefit of said residuary legatees, as directed and provided in and by said will in reference thereto; that any net income arising

from such investment over and above an interest at the rate of five per cent. per annum be paid to said Reeves, for the term of his interest therein, as provided by said will; or bring said sum into court.

"*Second.* And that the said Reeves be and hereby is perpetually enjoined and restrained from in any wise jeopardizing the money or property in his hands as surviving partner of the special partnership of said Robert C. Reeves, and from investing or using the same in any business, or treating or using the same other than an asset of the estate of said Abraham Denike, deceased, to be collected and received into the hands of the executors thereof, in their trust capacity, or be secured as above demanded."

*S. P. Nash,* for the appellants.

*Homer A. Nelson,* for the respondents. It is the duty of the trustee to protect the estate of the remaindermen against the act of the tenant for life or a shorter period, by preventing him from doing any act which is an injury to reversion. (*Langston* v. *Ollivant,* Coop., 33; *Stuart* v. *Stuart,* 3 Beav., 430; *Pechel* v. *Fowler,* 2 Anst., 550; *Mortlock* v. *Buller,* 10 Ves., 308, 309; *Lord Mahon* v. *Earl Stanhope,* 2 Sug. Pow., 512; *Cowgill* v. *Lord Ormintoun,* 3 Y. & C., 369; *Watts* v. *Gridleston,* 6 Beav., 188; *Moseley* v. *Marshall,* 22 N. Y., 200; *Briggs* v. *Earl,* &c., 19 Jur., 817; *Freeman* v. *Cook,* 6 Ired. Eq., 376; *Woodman* v. *Good,* 6 W. & S., 169; *Whitfield* v. *Bennet,* 2 P. Wms., 242; *Marker* v. *Marker,* 9 Hare, 1; *Davis* v. *Lee,* 6 Ves., 786; *Swan* v. *Leigan,* 1 McCord Ch., 227; *Boswell* v. *Morehed,* 1 Bust. Eq., 26; *Frazer's Admr.* v. *Buill,* 11 Gratt., 9; *Foley* v. *Burnell,* 1 Bro. C. C., 279; *Woods* v. *Sullivan,* 1 Swan, 507; *Wootton* v. *Burch,* 2 Md. Ch., 190; *Smith* v. *Ostrander,* 64 N. Y., 278; *Tyson* v. *Blake,* 22 Id., 563; *Lenpton* v. *Lenpton,* 2 Johns., 628; *Clark* v. *Clark,* 8 Paige Ch., 160; *James* v. *Scott,* Ala., 579; *Emmons* v. *Cairns,* 2 Sandf. Ch., 369; *Van Duyne* v. *Vreeland,* 1 Bresl. (N. J.), 142; Willard Eq. Jur., 328–330; *Ferrance* v. *Prentice,* Ambler, 273; *Walker* v. *Cook,* cited by Lord Thurlow in 1 Bro. C. C., 105; *Green* v. *Pigott,* 1 Bro. C. C., 105; *Henderson* v. *Vaulx,*

10 Yerger, 30; *Johnson* v. *Mills*, 1 Ves. Sen., 282; Willard Eq. Jur., 330, 331; *Smith* v. *Ostrander*, 64 N. Y., 281.)

GILBERT, J.:

The defendant, Reeves, is the surviving member of a special partnership in which the testator was the special partner, and Reeves was the general partner. The business of the partnership was the sale of agricultural implements. The question on which the case depends arises upon the following provision of the testator's will, viz.:

"10th. It is my will, and I do hereby order and direct my executors hereinafter named, to allow my friend, Robert C. Reeves, *to retain*, as a loan to him out of my personal estate, the sum of $15,000, *being the amount now invested by me in the business carried on and conducted by him*, and in which I am a special partner; to be used and employed by him in carrying on and conducting the said business, and to be continued from year to year at the option of the said Robert C. Reeves, but not to exceed the term of three years, upon his paying the interest thereon annually at the rate of five per cent. per annum. Such income, when received by my said executors to be from time to time paid over to my residuary legatees; and at the expiration of said term, or the sooner determination thereof, at his option as aforesaid, I direct my said executors to receive from the said Robert C. Reeves the said sum of money and interest, *and to discharge him fully from all further liability on account or by reason of such indebtedness;* and upon such payment being made to my said executors, the said sum of $15,000 is to become a part of my residuary estate, and to be distributed according to the provisions of this, my will, with respect thereto."

It is claimed on behalf of Reeves that the gift was an option to purchase the testator's share of the effects of the partnership at $15,000, and also to have credit for the payment of the purchase-money, not exceeding three years. We think the language employed does not admit of that construction. In the first place, the direction is that the executors allow Reeves, who is one of them, to retain as a loan to him out of the testator's personal estate, not out of his share of the partnership effects exclusively, the sum of

$15,000. It appears that the testator's personal estate exceeded $140,000, while his interest in the partnership was estimated by the executors in the inventory, returned by them, at only the sum of $14,000. The direction, then, is to loan money, not to sell property. The source of the loan is to be the testator's personal estate generally, not any particular part thereof. Second. Reeves was given the option of *retaining* $15,000 as a loan. That means that he was to be permitted to keep as a borrower, money which, but for the direction in the will, he would have been bound to pay over to the legatees. The direction to discharge him from " such indebtedness " on payment of the sum retained as a loan refers to the debt incurred by him as a borrower, and not that which might accrue from his liability as surviving partner. The previous statement of the testator, of the amount invested by him in the partnership, was not intended to conclude his personal representatives as to the actual value of his interest in the partnership at the time of his death.

Reeves, no doubt, is entitled to wind up the partnership. In that respect he holds the partnership property and effects in trust to pay the partnership debts, and to pay over the testator's share of the surplus (if any), that may arise to the personal representatives of the testator. (*Egberts* v. *Wood*, 3 Paige, 517 ; *Wilder* v. *Keeler*, Id., 166.) The judgment does not interfere with his rights or duties in the administration of that trust. The judgment, it is true, directs that in case of a failure by Reeves to give security for the sum loaned, pursuant to the tenth clause of the will, the executors shall collect the amount due from him to the estate. The object of this was to establish the liability of the executors. If they have used money in hand to make the loan, they must get it back, and whenever any sum shall become due to the executors from Reeves as surviving partner, they must not permit him to retain it without security, but must immediately collect it, &c. Such is the proper interpretation of the judgment.

We are of opinion, that executors are not authorized to loan the money of the estate which they represent, without security, under circumstances where a person of ordinary prudence would exact security for the loan, and that as to such transactions they stand on the same

footing as ordinary trustees. They are *quasi* trustees in investing the funds of the estate, and the liability of trustees attaches to them. When they threaten to violate the rule thus stated, upon a mistaken construction of the testator's will, a court of equity may, and ought to, restrain them. (Wms. Ex'rs., 1809 ; *King* v. *Talbot,* 40 N. Y., 76, 88.)

The gift to Reeves, in substance, was one of the use of a fund for a term, with remainder to legatees. Whether treated as a loan or as a bequest, however, the power and duty of the court to require security to be given for the protection of the ultimate beneficiaries seems to us to be equally clear. (Story Eq. Jur., §§ 845, 845, a; *Vernon* v. *Vernon,* 53 N. Y., 356–363.)

The judgment must be affirmed, with costs.

DYKMAN, J., concurred ; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.